UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANISHA PENDLETON,

Plaintiff,

v.

Case No. 25-cv-13945
Honorable Linda V. Parker

DEANTHONY D. SHAW,
LARA, and TLARA
DISCIPLINARY SUBCOMMITTEE,

Defendants.
________________________________/

**OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 7, 2026 REPORT AND RECOMMENDATION AND ADOPTING REPORT AND RECOMMENDATION**

**Background**

On December 8, 2025, Plaintiff initiated this lawsuit pursuant to 42 U.S.C. § 1983 against Assistant Attorney General DeAnthony D. Shaw ("AAG Shaw"), the Michigan Department of Licensing and Regulatory Affairs ("LARA"), and the "TLARA Disciplinary Subcommittee" ("Disciplinary Subcommittee"), which Defendants indicate is properly named the Michigan Board of Nursing Disciplinary Subcommittee. In her Complaint, Plaintiff claims Defendants violated her constitutional rights in connection with the decision to suspend her

nursing license. Specifically, Plaintiff claims procedural due process and equal protection violations.

Plaintiff has filed a motion asking the Court to stay the suspension of her license and a "Motion for Protective Order and Request for Judicial Intervention Regarding Opposing Counsel's Conduct." (ECF Nos. 4, 6.) The latter motion addresses AAG Shaw's conduct during the administrative proceedings. Defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF No. 14.) The matter has been referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 9.)

On August 7, 2026, Magistrate Judge Altman issued a Report and Recommendation (R&R), recommending that the Court grant Defendants' motion and dismiss as moot Plaintiff's motions. (ECF No. 26.) With respect to Defendants' motion, Magistrate Judge Altman finds that Eleventh Amendment immunity applies to Plaintiff's claims against LARA, the Disciplinary Subcommittee, and AAG Shaw to the extent he is sued in his official capacity. Magistrate Judge Altman further concludes that Plaintiff fails to allege plausible procedural due process and equal protection claims. Plaintiff filed objections to

Magistrate Judge Altman's R&R (ECF No. 27), to which Defendants responded (ECF No. 28).

**Standard of Review**

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Analysis**

*Objection No. 1*

Plaintiff first objects to Magistrate Judge Altman's finding that Plaintiff's allegations concerning the unauthorized monitoring of the summary suspension administrative hearing and the observation of the hearing by the State's expert are

"conclusory." Plaintiff complains that the magistrate judge failed to presume the correctness of her allegations by doing so. However, what Magistrate Judge Altman found conclusory were Plaintiff's contentions that the monitoring was "unauthorized" or constituted "wiretapping," and that it and the expert's observations of the hearing violated her due process rights.

While a court must presume the factual allegations in a complaint as true, it need not afford the same deference to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). The Court agrees with Magistrate Judge Altman that Plaintiff's allegations that the presence of a third-party and the State's expert during the hearing amounted to a due process violation are conclusory. Plaintiff fails to allege facts demonstrating how their attendance violated or interfered with her due process rights.[1] As Defendants indicate, by statute, the administrative proceedings are generally open to the public.[2] *See* Mich. Comp. Laws § 15.263.

[1] Plaintiff also has contended that Defendants relied on a fabricated school closure date" when deciding to revoke her license. However, the date Siena College of Health officially closed was not material to the ALJ's recommendation to revoke Plaintiff's license. Instead, as the ALJ's decision reflects, it was the fact that the school's clinical and nursing curriculum and the coursework possibly completed by Plaintiff did not satisfy Michigan's licensing requirements. (*See* ECF No. 37 at PageID.28-41.)

[2] Section 15.263, commonly referred to as the Open Meetings Act, applies to a "public body." As defined under the OMA:

> "Public body" means any state or local legislative or governing body, including a board, commission,

*Objection No. 2*

In her second objection, Plaintiff contends that Magistrate Judge Altman failed to engage with the two-steps for evaluating a procedural due process claim. Plaintiff also takes issue with Magistrate Judge Altman's observation that it was unclear whether Plaintiff is suing AAG Shaw in his individual or official capacity.

Taking the latter "objection" first, Magistrate Judge Altman's observation has no bearing on her ultimate recommendation to grant Defendants' motion to dismiss. To the extent AAG Shaw is sued in his official capacity, he is, as Magistrate Judge Altman finds, entitled to Eleventh Amendment immunity. To the extent he is sued in his individual capacity, the finding that Plaintiff fails to state a viable due process or equal protection claim warrants the dismissal of those claims against him.

---

> committee, subcommittee, authority, or council, that is empowered by state constitution, statute, charter, ordinance, resolution, or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function; a lessee of such a body performing an essential public purpose and function pursuant to the lease agreement; or the board of a nonprofit corporation formed by a city under section 40 of the home rule city act, 1909 PA 279, MCL 117.40.

Mich. Comp. Laws § 15.262(a). The statute does not apply to boards empowered by executive order. *House Speaker v. Governor*, 506 N.W.2d 190, 208 (Mich. 1993). The Michigan Board of Nursing Disciplinary Subcommittee is empowered by statute. *See* Mich. Comp. Laws § 333.1101 *et seq*.

As to the two-step analysis of Plaintiff's procedural due process claim, Magistrate Judge Altman did not question that a professional state license is a constitutionally protected property interest. Magistrate Judge Altman concluded, however, that Plaintiff's allegations failed to plausibly allege that the procedures attendant to the suspension of her license were constitutionally deficient. Defendants' "admission" that unidentified third parties and the State's expert accessed the administrative hearing, was not an admission that her rights were violated. And Plaintiff alleges no other facts to support her assertion that the hearing "was completely corrupted." (*See* ECF No. 27 at PageID.710.) For the reasons discussed with respect to Plaintiff's first objection, these assumed-to-be-true facts do not plausibly allege a procedural due process violation.

*Objection No. 3*

This objection relates to a footnote in the R&R concerning the Full Faith and Credit Clause and Plaintiff's arguments regarding the Ohio Board of Nursing's decision to allow her to reapply for her license. Plaintiff argues that Magistrate Judge Altman mischaracterized why Plaintiff introduced the Ohio decision. Plaintiff contends that she did not argue that Michigan had to copy Ohio's conclusion. (ECF No. 27 at PageID.712.) Instead, she introduced the Ohio final order "as vital, uncontradicted evidence to satisfy the Public Interest and Balance

of Harms pillars required for a federal Preliminary Injunction." (*Id*. at PageID.712-13.)

This objection is immaterial, as it does not undermine Magistrate Judge Altman's conclusion that Plaintiff fails to state viable claims against Defendants. Without a viable claim, the court need not consider the public interest and balance of harm factors relevant to whether a preliminary injunction should issue. *See Sunless, Inc. v. Palm Beach Tan, Inc.*, 33 F.4th 866, 868-69 (6th Cir. 2022) (quoting *Enchant Christmas Light Maze & Mkt. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2009) (quoting *Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)) (providing that a failure to establish a likelihood of success on the merits "'is usually fatal' to a plaintiff's quest for a preliminary injunction.").

*Objection No. 4*

Plaintiff contends that Magistrate Judge Altman erred in finding that her request for the reinstatement of her license is not excepted from Eleventh Amendment immunity pursuant to *Ex parte Young*, 209 U.S. 123 (1908). The Court finds it unnecessary to reach this objection because, again, it does not change the ultimate conclusion that Plaintiff fails to state plausible procedural due process and equal protection claims.[3] Without a viable cause of action, Plaintiff is not

[3] Courts have held that a suit against state officials seeking reinstatement of a license involves prospective relief that is not barred by the Eleventh Amendment pursuant to *Ex parte Young*. *See, e.g., Tsirelman v. Daines*, 794 F.3d 310, 314 (2d

entitled to her requested remedy. *See Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021) (citing *Thompson v. JPMorgan Chase Bank*, *N.A.*, 563 F. App'x 440, 442 n.1 (6th Cir. 2014)). "Injunctive relief is not a cause of action, it is a remedy." *See id*.

*Objection No. 5*

Plaintiff's fifth objection relates to Magistrate Judge Altman's conclusion that she failed to allege sufficient facts to state a plausible equal protection claim. Plaintiff contends that in finding that she offered only "one conclusory sentence claiming that she was treated differently than others" (ECF No. 26 at PageID.701), the magistrate judge "overlooks [her] formal pleadings and her Motion to Supplement the Record" (ECF No. 27 at PageID.716). Plaintiff argues that she "explicitly identified a direct, similarly situated comparator on the record: candidate 'S.B.'" (ECF No. 27 at PageID.717.) Plaintiff claims S.B. attended Carleen Health, an institution that completely closed in 2017, but the State

---

Cir. 2015); *Manion v. N.C. Med. Bd.*, 693 F. App'x 178, 181 (4th Cir. 2017); *but see Skipper v. Md. Bd. of Nursing*, Civil No. 1:25-cv-01225, 2025 WL 1294927, at *3 (D. Md. May 5, 2025) (citations and quotation marks omitted) (concluding that the plaintiff's request for injunctive relief directing steps to reinstate the plaintiff's nursing license and expunge her disciplinary records is "retrospective in nature as it relates not to ongoing violations of federal law but rather to continued effects and by-products of past action"). Nevertheless, even if Eleventh Amendment immunity did not apply to Plaintiff's request for the reinstatement of her license, AAG Shaw does not appear to be the state official with authority to grant such relief.

accepted S.B.'s 2020 graduation from the institution to dismiss the case against her for "lack of evidence."

Defendants indicate, however, that while the formal complaint against S.B. alleged allegations similar to those asserted against Plaintiff, LARA later moved to dismiss the complaint against S.B. because the allegations ultimately were found to be unsupported by the evidence. (*See* ECF No. 16-7.) Moreover, as discussed in footnote 1, it was not the date when the nursing school closed that caused the ALJ to recommend the revocation of Plaintiff's licensing. Instead, it was a finding that the nursing school's curriculum and the coursework Plaintiff could have possibly completed during the enrollment did not satisfy Michigan's licensing requirements.

*Objection No. 6*

Plaintiff takes issue with Magistrate Judge Altman's recommendation to dismiss her pending motions as moot based on the recommendation to grant Defendants' motion to dismiss. Plaintiff's challenges to this outcome are frivolous and do not warrant discussion. Having found that Plaintiff failed to allege viable claims, she is not entitled to a stay of her license suspension or judicial intervention, regardless of whether Defendants responded to those requests.

## Conclusion

The Court has made a *de novo* determination of those portions of the R&R to which Plaintiff objects and reaches the same conclusions as Magistrate Judge Altman. The Court therefore adopts Magistrate Judge Altman's recommendations.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions (ECF Nos. 4, 6) are **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 28, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 28, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager